## T. M. JAMES v. WM. H. HAYES.

### No. 11,845. (65 Pac. 241.)

#### SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Accident Distinguished — Instruction Approved.* The boundary between two adjacent lots was in dispute. The owner of one of the lots was severely injured by receiving in his body a charge of shot from a gun in the hands of the other, and brought an action to recover his damages therefor. The defendant claimed that the gun was accidentally discharged. In such action it is not error to give the following instruction, the facts as therein predicated being fairly shown by the evidence: "A party is not generally liable in damages for an injury which is the result of an accident, and if you believe from the evidence in this case that plaintiff was injured, but that the injury received was the result of an accident, then plaintiff cannot recover. But if you find that at the time of the injury received by plaintiff the line between plaintiff's and defendant's properties was in dispute, plaintiff claiming said line to be further south than where defendant claimed it to be; that plaintiff went upon said disputed tract of land to determine where a certain post had heretofore been located, and while there in the act of digging upon said strip of land defendant procured a loaded shot-gun, pointed it toward plaintiff and discharged it, and plaintiff was injured by reason of the discharging of the gun by defendant, then I instruct you that defendant is liable in damages to plaintiff for any injury he received on account of the discharging of the gun, and it makes no difference whether the defendant intended to hit the plaintiff or not."

2. ———— *Measure of Damages.* It is impossible to fix any rule by which damages compensating for pain and suffering can be estimated, or for ascertaining what will exactly repay for permanent injury. The amount to be awarded must be left to the enlightened consideration of the jury, under all the evidence, and a verdict therefor will not be set aside unless the court can say that the amount thereof is so excessive as to indicate passion or prejudice on the part of the jury.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 8, 1901. Division one. Affirmed.

STATEMENT.

JAMES and Hayes owned and occupied as residences adjoining premises in Topeka. A controversy had existed for a considerable time as to the correct location of the boundary line between them. A recent survey by the county surveyor had placed this line far over upon James's lot, but the latter contended that the survey was erroneous and that Hayes was not entitled to establish the division line where it had been located by this survey. No hard words had passed between them, however, and each seemed willing to abide the further action of the courts or legally constituted authorities. One morning, soon after the survey, Hayes, for the purpose, as he says, of locating or relocating a post which had formerly stood upon the ground claimed by James, but which by the survey was thrown upon Hayes's side of the division line, drove a stake where he thought the post had been. He then went to his house, but soon returned to the place with a shovel and commenced to dig, hoping to find the foot of the old post which he claimed had been broken off. He had thrown out but two or three shovels of dirt when James came from his house with a loaded double-barrel shot-gun. He had observed the movements of Hayes and, thinking there might be trouble, had looked around for something with which to defend himself, but seeing nothing at hand he had passed into the house and procured the shot-gun, which he found loaded. Approaching within about twenty or thirty feet of Hayes he spoke to him and some conversation ensued. The evidence is conflicting as to just what was said. The interview had continued but a short period when James discharged the gun at Hayes, the load striking him in the left side and making an ugly wound across the short ribs

and connecting cartilages.  James claims the discharge of the gun was accidental.  There were many things in the evidence appearing otherwise, and the jury evidently concluded that the shot was discharged either purposely or with great wantonness.

Hayes was detained from his business about six weeks.  He suffered much pain and claimed that he was permanently injured.  He brought this action in the Shawnee county district court to recover for these injuries, alleging his damages to be $20,000.  The jury assessed them at $2000, and itemized the same as follows :  Time lost, $81 ;  pain suffered, $500 ;  permanent injuries, $1000 ;  punitive damages, $419.

The court entered judgment upon the verdict and James brings the case to this court alleging many errors.

*Vance & Campbell*, for plaintiff in error.

*J. S. Ensminger*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. :  Before considering the errors claimed by the plaintiff in error, we may and ought to say that the record, even Mr. James's own evidence, does not show the slightest excuse for the deadly and almost fatal assault which he made on Mr. Hayes.  It was entirely without legal excuse.  Nothing in the acts of Mr. Hayes or the controversy between them can be found to justify the shooting.  However, he is entitled to a fair trial under the rules of law, which his counsel claim he has not had.

The first error claimed is in the admission of the testimony of Doctor Mitchell, who attended Mr. Hayes at the time of his injury.  The doctor testified as to the character and location of the wound received by

Mr. Hayes, and was then permitted to tell what would have been the effect had the wound been made upon other portions of the body ; for instance, if it had penetrated the heart, stomach, or liver. It is probable that this testimony was not very material, yet we do not deem it wholly without relevancy. It certainly could have done the defendant no harm.

Complaint is made that the clothing worn by Mr. Hayes at the time he was shot was exhibited to the jury over the objection of the defendant. We do not deem this erroneous. It showed very plainly where and how many shot struck Mr. Hayes, and whether the wound inflicted was grievous or slight.

It is assigned as error that Mr. James was not permitted to answer the question, ''Is your physical condition such that you can have a physical contest with anybody ?'' This, under the evidence, was wholly immaterial. Mr. Hayes was making no hostile demonstration. No claim can be made that it was necessary for Mr. James to shoot at the time he did in order to protect himself. He was permitted, in quite a lengthy examination, to state his exact physical condition.

The court gave the following instruction :

''A party is not generally liable in damages for an injury which is the result of an accident, and if you believe from the evidence in this case that plaintiff was injured, but that the injury received was the result of an accident, then plaintiff cannot recover. But if you find that at the time of the injury received by plaintiff the line between plaintiff's and defendant's properties was in dispute, plaintiff claiming said line to be further south than where defendant claimed it to be ; that plaintiff went upon said disputed tract of land to determine where a certain post had heretofore been located, and while there in the act of digging upon said strip of land defendant procured a

loaded shot-gun, pointed it toward plaintiff and discharged it, and plaintiff was injured by reason of the discharging of the gun by defendant, then I instruct you that defendant is liable in damages to plaintiff for any injury he received on account of the discharging of the gun, and it makes no difference whether the defendant intended to hit the plaintiff or not."

Plaintiff in error complains that this instruction, and especially the last clause thereof, does not correctly state the law ; that it does make a difference in the damages "whether the defendant intended to hit the plaintiff or not." He argues that this instruction goes to the extent of saying to the jury that as much punitive damages should be allowed in case of an unintentional injury as in one inflicted purposely. We do not think that meaning can be attached to this instruction. It only says that the defendant would be liable in damages whether the injury was intended or not ; that is, *some* damages, the character and extent of which were properly defined and explained in other instructions. Certainly it can hardly be contended that, had the premises laid down in the former part of this instruction existed, Mr. James would not have been liable in some damages. A threat with a loaded shot-gun is not the recognized legal way of settling a controversy about a disputed boundary ; and if injury results to another by the discharge of the gun, either by reason of the careless handling and without intention, or purposely, under the conditions therein set out, the injured one would be entitled to recover compensatory damages at least.

It is further claimed that the verdict is excessive and oppressive ; that the jury should not have allowed so much as $500 for pain and suffering, nor so much as $1000 for permanent injury. The wound inflicted was very serious. The defendant in error was de-

tained from his business thirty-nine days, and it was thought for a time that his injuries might prove fatal. He was taken to and cared for in a hospital, suffering pain for several days quite acutely. The muscles of his body were stiffened and movement impeded. It is not possible, in the nature of things, accurately to estimate the money value of pain. We cannot say that so many hours or days of suffering of such intensity shall be estimated at so many dollars, nor can we estimate with any close accuracy the permanent damage that may come to one from so serious an injury. While at the present little inconvenience may be experienced therefrom, as age advances the effects may be felt more and more. The very best that can be done is to submit the whole question to the enlightened and oath-bound consideration of an impartial jury, with proper instructions as to the law governing such cases and arguments by counsel. The rule for the government of the jury was correctly stated by the trial court as follows :

"In cases of this character, where damages are sought to be recovered for personal injuries, no fixed rule can be laid down in arriving at the amount of the verdict. If you find for the plaintiff, then in determining the amount of actual damage you have a right to take into consideration the extent of the injury, whether it is permanent or only temporary, any pain or suffering the party may have sustained, loss of time, or his inability to labor on account of the injury he received."

We cannot say that the verdict is not authorized by the evidence, or that its amount is so excessive as to indicate passion on the part of the jury.

The plaintiff in error requested the court to give nine different instructions, none of which was given. The refusal of the court in this respect is alleged as

error. We have carefully examined them and are persuaded that all the propositions of law therein contained which were applicable to the facts of the case were fully covered by the instructions which were given.

The record is quite voluminous. We have carefully examined it and are compelled to say that no reversible error is found. The judgment of the trial court will be affirmed.

JOHNSTON, GREENE, ELLIS, JJ., concurring.